IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KERMIT H. POWDRILL, II,  )<br>    ID # 35897-177,  )<br>        Petitioner,  )<br>  )<br>vs.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>        Respondent.  ) | <br><br><br><br>No. 3:19-CV-436-L-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241*, received on February 20, 2019 (doc. 3). Based on the relevant filings and applicable law, the petitioner's claims challenging the calculation of his sentences should be **DENIED** with prejudice, and his claims challenging the validity of his sentences should be **DISMISSED** without prejudice for lack of jurisdiction.

## I.   BACKGROUND

Kermit H. Powdrill, II (Petitioner), a federal prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the manner in which he was serving his federal sentence. (*See* doc. 3.) The respondent is the United States of America (Respondent).

On January 3, 2002, Petitioner was convicted of aggravated robbery in Case No. 5606-D in the 350th Judicial District Court of Taylor County, Texas; adjudication was deferred, and he was placed on a ten-year period of community supervision. (*See* doc. 8 at 4)[2]; *see also State v.*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*Powdrill*, No. 5606-D (350th Dist. Ct., Taylor Cnty., Tex. Jan. 3, 2002), *available at* http://publicaccess.taylorcountytexas.org/PublicAccess/default.aspx (last visited Oct. 13, 2021). On February 7, 2006, Petitioner pled guilty to possession of marijuana greater than 4 ounces and less than 5 pounds in Case No. 7611-D in the 350th District Court of Taylor County, Texas, and was sentenced to one year of imprisonment. (*See* doc. 8 at 5, 25.) On that same day, his community supervision in Case No. 5606-D was revoked, and he was sentenced to 10 years' imprisonment. (*See id.* at 5, 15.)

On July 12, 2006, Petitioner was charged by federal indictment in Cause No. 1:06-CR-43-H in the Northern District of Texas, Abilene Division, with possession of marijuana with intent to distribute and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) (Count 1); possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two); possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Four); and receipt of a firearm while under felony indictment in violation of 18 U.S.C. § 922(n) (Count Five). (*See* No. 1:06-CR-43-H, doc. 1.) Because Petitioner was serving time in state custody, a writ of habeas corpus *ad prosequendum* was issued on July 19, 2006. (*See id.*, doc. 3.) He appeared on the writ in federal court on August 2, 2006. (*See id.*, doc. 6.) He pled guilty to all five counts of the indictment on November 29, 2006. (*See id.*, docs. 44, 45.) On February 23, 2007, Petitioner was sentenced to 60 months on Counts One and Five, and 71 months on Counts Three and Four, to run concurrently with each other and with any sentence imposed in state Case No. 7611-D, and to run consecutively to the sentence imposed in state Case No. 5606-D; and 60 months on Count Two, to run consecutively to the sentences on Counts One, Three, Four, and Five, and to his sentences in both state cases. (*See id.*, doc. 50 at 1-2.) His federal

sentences combined for a total term of imprisonment of 131 months, to be followed by a five-year term of supervised release.  (*See id.* at 2-3.)

Petitioner was returned to state custody on May 18, 2007.  (*See* doc. 8 at 5, 39, 41.)  After satisfaction of his state sentences, he was placed in exclusive federal custody on July 19, 2011, to serve his federal sentences.  (*See id.* at 6, 39.)  On February 20, 2019, he filed his § 2241 petition raising the following two grounds:

1. [Bureau of Prisons (BOP)] interpretation of sentence fails to take into account judicial order for partial concurrency with state judgment.  Effective consecutive sentence offends due process and violates judicial intent.

2. Execution of sentence cumulatively 21 years in length (or at least 16 years' imprisonment) is per se unjust where all involved parties and judicial officers understood/anticipated a lesser result.

(doc. 3 at 5.)  Petitioner sought to have the Court "[d]irect Respondent to perform due consideration of request for correction of sentence calculation, 18 U.S.C. § 3621(b); BOP PS 5160.05, or order immediate release from arbitrary deprivation."  (*Id.* at 7.)

Respondent responded that the BOP properly calculated Petitioner's sentence, and that his claims challenging its validity are not cognizable under § 2241 and must be brought under 28 U.S.C. § 2255.  (*See* doc. 7 at 6-10.)  Petitioner replied that he was pursuing both grounds for relief under § 2241.  (*See* doc. 10.)  On December 3, 2020, Respondent filed a notice stating that Petitioner had been released from BOP custody on November 6, 2020.  (*See* doc. 12.)

## II.     SENTENCE CREDIT

In his first ground, Petitioner challenges the BOP's calculation of his sentence.

### A.     Commencement of Federal Sentence

Petitioner first contends that the "BOP commencement of term of imprisonment indicates 2011 where should have been 2007 to effect concurrency order of federal court and substantial

justice." (doc. 3 at 5; *see also* doc. 4 at 6.) He argues that the commencement date of his federal sentences should have been February 23, 2007, the date his federal sentences were imposed, and not the date he was released from state custody into federal custody. (*See* doc. 4 at 5-7.) Petitioner relies on 18 U.S.C. § 3585(a), BOP Program Statement 5880.28, and 18 U.S.C. § 3584(c) in support of his claim. (*See id.* at 5-6.)[3]

Section 3585(a) governs the determination of "when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995). It states:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). BOP Program Statement 5880.28 incorporates § 3585(a) in determining the commencement of a sentence. (*See* doc. 8 at 44); *see also* United States Dep't of Justice, BOP Program Stmt. No. 5880.28, p. 1-12. Program Statement 5880.28 further states that "[i]f the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently." *Id.* (emphasis in original). When the prisoner is "serving another federal sentence at the time a new sentence is imposed," the BOP follows the provisions of § 3584. *Id.* Under §

---

[3] Although Petitioner has been released from BOP custody and his requested relief of immediate release from custody cannot be granted, his § 2241 petition is not moot. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam) (holding that a habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody."). The possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time" can keep the § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). Because Petitioner is currently serving a term of supervised release, his § 2241 is not rendered moot by his release from BOP custody.

3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

Here, Petitioner was in state custody serving state sentences in the Texas Department of Criminal Justice (TDCJ) when his federal proceedings began, and his presence for the federal proceedings was obtained by a writ of habeas corpus *ad prosequendum*. (*See* No. 1:06-CR-43-H, doc. 3.) The state therefore had primary jurisdiction over him. *See Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (holding that the state had primary jurisdiction over prisoner where he was in state custody and his presence for a federal criminal trial was secured by a writ of habeas corpus *ad prosequendum*); *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). He was sentenced in the federal case on February 23, 2007, and was returned to state custody on May 18, 2007, to complete his state sentences. (*See* doc. 8 at 5, 39, 41.) After satisfaction of the state sentences, he was placed in exclusive federal custody on July 19, 2011, to serve his federal sentences for the judgment's total term of 131 months' imprisonment. (*See id.* at 6, 12, 39, 41; *see also* No. 1:06-CR-43-H, doc. 50 at 2.) The BOP determined that Petitioner's federal sentences commenced on that date. (*See* doc. 8 at 12.)

Because Petitioner was received in federal custody to serve his federal sentences on July 19, 2011, and he was not in exclusive federal custody until that date, the BOP properly computed the commencement of his sentence under § 3585(a) and BOP Program Statement 5880.28. Additionally, to the extent Petitioner claims that his sentences were not properly aggregated under § 3584(c), the record conclusively shows that the BOP used the combined total term of

imprisonment of Petitioner's concurrent and consecutive federal sentences to calculate the length of his imprisonment, consistent with the judgment and § 3584(c). (*See id.*; No. 1:06-CR-43-H, doc. 50 at 2.) Accordingly, he is not entitled to § 2241 relief, and his claim should be denied.

B.     **Nunc Pro Tunc Designation**

In his reply, Petitioner argues that the BOP failed to grant his request for concurrent nunc pro tunc designation of his federal sentences under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), which would have permitted them to run concurrently with his state sentences. (*See* doc. 10 at 4-7.)

A petitioner is not statutorily entitled to credit on his federal sentence for the time he served on his state sentence, even if the state sentence was for the same conduct that led to his federal sentence. *See Puga v. Sherrod*, 462 F. App'x 470, 473 (5th Cir. 2012) (citing 18 U.S.C. § 3585(b); *Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996)). Nevertheless, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010). The BOP's decision to deny a request for such a designation is reviewed for an abuse of discretion. *See Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016) (citing *Barden*, 921 F.2d at 478).

Here, Petitioner was sentenced to one year of imprisonment in Case No. 7611-D and 10 years' imprisonment in Case No. 5606-D on February 7, 2006. (*See* doc. 8 at 5, 15, 25.) He was sentenced on his federal convictions on February 23, 2007. (*See* No. 1:06-CR-43-H, doc. 50.) Because his federal sentences were imposed after the state sentences, not before, the BOP did not abuse its discretion by denying Petitioner's request for a nunc pro tunc designation. *See Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020) (holding that because the petitioner's federal

sentence was imposed after his state sentence, and not before, "the BOP could not have abused its discretion by not considering the request" for nunc pro tunc designation). Petitioner is therefore not entitled to § 2241 relief on this claim, and it should be denied.[4]

## C.     Time in State Custody

To the extent the petition may be liberally construed to argue that Petitioner is entitled to credit for the time he served from February 23, 2007, when his federal sentences were imposed, to July 19, 2011, the date of commencement determined by the BOP, his claim fails. Section 3585(b) provides that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Here, Petitioner does not allege or provide any evidence to support a claim that he did not

---

[4] The BOP determined Petitioner was ineligible for a nunc pro tunc designation under *Barden* because his state sentences in Case Nos. 5606-D and 7611-D were imposed before his federal sentences. (*See* doc. 4 at 41; doc. 8 at 54.) Petitioner appears to argue that his due process rights under the Fifth Amendment and his Eighth Amendment rights were violated because the BOP stated, "As the federal judgment does not state whether your federal sentence is to be served concurrently or consecutively to your undischarged state sentence, federal statute under Title 18 U.S.C. § 3584 requires your federal sentence to be served consecutively." (*Id.*; *see also* doc. 4 at 8.) The judgment stated that Petitioner's federal sentences were to run consecutively to his then undischarged state sentence in Case No. 5606-D. (*See* No. 1:06-CR-43-H, doc. 50 at 2.) Not only would the BOP still have acted within its discretion under 18 U.S.C. § 3621(b) to run the sentences consecutively based on the language of the judgment, but because Petitioner was ineligible for a nunc pro tunc designation, the BOP's denial, or even lack of consideration of his request, was also not an abuse of discretion. *See, e.g.*, *Smith*, 950 F.3d 285; 18 U.S.C. § 3621(b) (providing the BOP with the authority to designate a prisoner's place of imprisonment); United States Dep't of Justice, BOP Program Stmt. No. 5160.05, p. 2 (quoting § 3621(b) as the basis for the BOP's authority to designate a state institution as the place to serve a federal term of imprisonment). Petitioner has failed to provide any support for his allegation that his constitutional rights were violated by the BOP's denial of his request for a nunc pro tunc designation.

receive credit for time served before his federal sentences commenced that had "not been credited against another sentence." 18 U.S.C. § 3585(b). To the contrary, he argues that he should have received credit toward his federal sentences for time he served on his state sentence under a nunc pro tunc designation, and he admits that "[t]he initial calculation of his federal sentence is not at issue." (doc. 10 at 6; *see also* doc. 4 at 5.) Because Petitioner has failed to show that he did not receive credit toward his federal sentences for time spent in official detention prior to their commencement date that was not credited against another sentence, he is not entitled to sentence credit under § 3585(b), and his claim should be denied.

### III.   COGNIZABILITY

In his second ground, Petitioner contends that he "was sentenced twice by different sovereigns, getting one term from the state and another from the feds for the drugs/firearms charges due in substantial part to misunderstandings." (doc. 3 at 5; *see also* doc. 4 at 8-9.) He argues that "[e]ven if the BOP cannot be faulted, service of such a sentence does not derive from exercise of lawful power." (doc. 3 at 5; *see also* doc. 4 at 9-10.)

Generally, a writ of habeas corpus under § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

> A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. A section 2255 motion, by contrast, "provides the primary means of collateral attack on a federal sentence." Relief under section 2255 is warranted for errors cognizable on collateral review that occurred "at or prior to sentencing."

*Pack*, 218 F.3d at 451 (internal citations omitted); *see also Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("Section 2241 is the proper procedural vehicle if a prisoner

'challenges the execution of his sentence rather than the validity of his conviction and sentence.'"). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452.

Here, Petitioner claims that "[t]he state prosecutor and the defense agreed and understood that the state court's sentence would be the whole of the punishment meted out for the offense conduct," and that his state and federal sentences were "due in substantial part to misunderstandings." (doc. 3 at 5.) He also argues that the federal judgment "is due no deference because, rather than the product of an exercise of delegated judicial power, it is itself arbitrary as based on accidental misstatements and/or misapprehension of the facts by judicial officers." (doc. 4 at 8; *see also id.* at 9-10; doc. 10 at 3.) By arguing that the district court erred when it sentenced him, Petitioner challenges an error that allegedly occurred "at or prior to sentencing." *Pack*, 218 F.3d at 451 (internal quotation marks omitted). Although he frames his second ground for relief as a challenge to the execution of his sentence, he is expressly attacking the validity of his sentence in Cause No. 1:06-CR-43-H, not the manner in which it is being carried out, or any determination by prison authorities regarding its duration. Accordingly, his second ground for relief is not cognizable under § 2241 and should be dismissed without prejudice to properly raising his claims in an authorized § 2255 motion.[5] *See id.* at 452.

### IV.   RECOMMENDATION

The claims in the *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241* challenging the calculation of the petitioner's sentences should be **DENIED** with prejudice, and

---

[5] Because Petitioner has previously filed a § 2255 petition that was dismissed with prejudice, and because he has now been released from incarceration, dismissal is appropriate rather than construing the claim as a successive § 2255 petition. (*See* doc. 12; No. 1:09-CV-107-C, docs. 1, 19-20.); *see also Pack*, 218 F.3d at 452. To file a second or successive § 2255 motion, a federal prisoner must obtain an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). Absent an authorization by a United States Court of Appeals, a district court lacks jurisdiction over a successive § 2255 motion. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); 28 U.S.C. § 2255(h).

the claims challenging the validity of his sentences should be **DISMISSED** without prejudice for lack of jurisdiction.

**SIGNED this 14th day of October, 2021.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE